384 A.2d 957

**COMMONWEALTH of Pennsylvania**

v.

**Frank Henry HARBAUGH, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided April 13, 1978.

Duke George, Jr., Arnold, for appellant.

James J. Conte, Assistant District Attorney, and Albert M. Nichols, District Attorney, Greensburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that he is being denied meaningful appellate review because there is no record of his requested points for charge. We reverse and remand for an evidentiary hearing.

After trial on December 11, 1975, a Westmoreland County jury returned a guilty verdict against appellant on the charge of recklessly endangering another person.[1] Without

1. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 2705.

assigning any specific reason, the lower court denied appellant's post-verdict motions which alleged that the verdict was against the weight of the evidence, against the evidence, against the law, and that the trial court erred in refusing to charge the jury as requested in appellant's points for charge, numbers two and three. The court sentenced appellant to a one to two year term of imprisonment and to pay the costs of prosecution. This appeal followed.

Appellant contends that meaningful appellate review is not possible because the record does not contain his requested points for charge.[2] He requests that we grant him a new trial. The Commonwealth responds by asserting that appellant did not file any requested points for charge, therefore, he cannot raise their denial on appeal. We believe that Pa.R.A.P.1926, 42 Pa.C.S. states the applicable procedure in the instant case. The Rule provides as follows:

"If any difference arises as to whether the record truly discloses what occurred in the lower court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the lower court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the appellate court." Because there is a factual dispute between the parties which we cannot resolve, we remand to the lower court pursuant to Rule 1926. The lower court shall conduct an evidentiary hearing and decide the controversy. If the lower court determines that appellant did submit points for charge which are not on the

2. Appellant's counsel discovered that the points for charge were not on the record when he was preparing his brief for our Court. Several off-the-record conferences with the district attorney ensued in which the parties unsuccessfully attempted to resolve the issue.

record, the parties may then proceed in accordance with Pa.R.A.P.1923, 42 Pa.C.S.[3] If the lower court finds that appellant did not submit points for charge, appellant may file an appeal which advances those issues properly preserved for appellate review.

Judgment of sentence vacated and case remanded for further proceedings consistent with this opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

3. Pa.R.A.P.1923 provides as follows: "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal."