In The Matter of Revocation of Club Liquor License No. C-1744, issued to: Slavonic Literary Association.

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued October 9, 1981, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*David Shotel*, Counsel, with him *James J. Fitzgerald, III*, Chief Counsel, for appellant.

*Paul Pozorisky*, with him *Louis P. Vitti*, for appellee.

OPINION BY JUDGE ROGERS, November 20, 1981:

The Pennsylvania Liquor Control Board here appeals an order of the Common Pleas Court of Allegheny County reversing a Board order revoking the Slavonic Literary Association's liquor license. The

court's action was based solely upon the Board's asserted lack of prosecution.

The Board cited the Association to show cause why its liquor license should not be revoked. After a hearing and rehearing, the Board entered an order revoking the license. The Association timely appealed the order of revocation to the Court of Common Pleas in April, 1979.

During the next fourteen months, the Board requested and was granted three continuances, the last on June 19, 1980, with no new hearing date fixed. On October 10, 1980, the Association sent a letter to the Board with a copy to the Court of Common Pleas stating

> The above-captioned case has been continued on several occasions at the request of the Commonwealth. At this particular point, the matter has been pending for over one (1) year. I would appreciate some indication as to what, if any, action you intend to take or it will become necessary for us to present a petition to dismiss.

Acting solely on this letter, without notice to either party, the Court below five days later filed an Order reversing the Board's revocation action.

Although the order below fails to describe any authority for the court's action, it may be assumed that Pa. R.C.P. 1037(c) was depended on.[1] That rule provides that: "In all cases, the court, on *motion of a party*, may enter an appropriate judgment against a

---

[1] Pa. R.J.A. 1901 authorizes courts of common pleas to make local rules for implementing the policy "to bring each pending matter to a final conclusion as promptly as possible." We are not told whether the Allegheny County Court of Common Pleas has made such rules but, if it has, they could not authorize the action taken by the court in this matter because Pa. R.J.A. 1901 further provides that no matter may be terminated for unreasonable inactivity without 30 days written notice of opportunity for hearing on the proposed termination.

party upon default or admission.'' (Emphasis added.) There was no motion for judgment and the court was without power to enter judgment on its own motion. *See Paulish v. Bakaitis,* 442 Pa. 434, 443, 275 A.2d 318, 322 (1971).

Order reversed and the record remanded for further proceedings.

ORDER

AND Now, this 20th day of November, 1981, the order of the Court of Common Pleas of Allegheny County dated October 15, 1980, is hereby reversed and the record is remanded to the court for further proceedings.