461 A.2d 1292

George HATALOWICH and Audry C. Hatalowich, his wife, Appellants,

v.

Kate BEDNARSKI, E. Richard Bednarski and Delores J. Bednarski, his wife, Edward E. Olesh, Kenneth R. Strawberry and Edwin G. Warman, Individually, Edward E. Olesh, Kenneth R. Strawberry, and Edwin G. Warman, t/d/b/a W.P.Q.R.–F.M., W.P.Q.R.–F.M., an unregistered fictitiously named enterprise, Warman Broadcasting Company, Inc., a corp., and Tom Hunchuck, a/k/a Thomas Hunchuck, individually and Tom Hunchuck a/k/a Thomas Hunchuck as employee and servant of Edward E. Olesh, Kenneth R. Strawberry, and Edwin G. Warman, individually or Edward E. Olesh, Kenneth R. Strawberry, and Edwin G. Warman, t/d/b/a W.P.Q.R.–F.M. or W.P.Q.R.–F.M., an unregistered fictitiously named business enterprise, or Warman Broadcasting Co., Inc., a corp.

Superior Court of Pennsylvania.

Argued Feb. 9, 1982.

Filed June 17, 1983.

304

D. Keith Melenyzer, Charleroi, for appellants.

William C. Porter, Washington, for appellees.

Before BROSKY, CIRILLO and POPOVICH, JJ.

BROSKY, Judge:

This appeal is from a Non Pros. issued by the Court of Common Pleas in Washington County. Appellant argues, inter alia, that a trial court lacks the authority to enter an order of Non Pros. sua sponte. We agree that this is the law; but it is not clear that any such motion was made. Therefore, we remand, under Pa.R.A.P. 1926, for a determination to be made as to whether or not a motion was made.

Without ever going to trial, this case has been in the courts for six years; including a period of total inactivity of more than two years. Under circumstances that would seem to clearly justify it, if a motion had been made, the trial judge declared a Non Pros.

The granting of a Non Pros. by a judge is governed by Pa.R.Civ.P. 1037(c). "In all cases, the court, on motion of a party, may enter an appropriate judgment against a party upon default or admission." For our purposes, the pertinent language is "on motion of a party." Thus, on its face,

the Rule appears to prohibit a judge issuing a Non Pros. on his own motion.

This interpretation of Rule 1037(c) was employed by Commonwealth Court only last year. *Matter of Slavonic Literary Ass'n*, 62 Pa.Cmwlth. 546, 436 A.2d 1257 (1981). In that case, Slavonic was appealing a revocation of its liquor license to the Court of Common Pleas. The case was continued three times over 14 months at the request of appellee, the Liquor Control Board. The Common Pleas judge then reversed the revocation due to these delays. In the opinion of the Court, Judge Rogers stated, "there was no motion for judgment and the court was without power to enter judgment on its own motion." *Slavonic,* supra, 62 Pa.Cmwlth. at 548, 436 A.2d at 1258.

*Slavonic* is almost entirely on point here; but can only be persuasive authority as the decisions of the Commonwealth Court are not binding on this Court.

*Slavonic* itself relied on a Pennsylvania Supreme Court case. *Paulish v. Bakaitis,* 442 Pa. 434, 275 A.2d 318 (1971). *Paulish* involved a trial court entering judgment on the pleadings without a motion by one of the parties. The Supreme Court disapproved of this action stating, "A court is without power under ... Rule 1037(c) ... to enter judgment on its own motion." *Paulish,* supra, 442 Pa. at 443, 275 A.2d at 322.

■ The situation dealt with in *Paulish,* a judgment on the pleadings, differs factually from the one before us, a Non Pros. Even though a holding may be stated in general terms, as was the one quoted above from *Paulish;* sound jurisprudential practice limits the binding effect of the holding to the type of factual situation which was involved in the opinion. Application of a broadly stated rule to a new context should be undertaken only after careful consideration and with great circumspection. With this attitude in mind, we hold that the policy stated in *Paulish* should be extended to the Non Pros. context.

Further, we find the Commonwealth Court case, *Slavonic*, entirely worthy of being followed by this Court. Finally, the plain meaning of the Rule itself also leads us to the conclusion that a judge may not enter a Non Pros. sua sponte, without motion by a party.

The trial court stated in its opinion that it was basing its action on Pa.R.Civ.P. 218. That rule applies "When a case is called for trial" and "one party is ready and the other is not ready, without satisfactory excuse being made known to the court..." While the trial court held that the case had been called to trial, appellant disputes this characterization. It is, however, unnecessary for us to reach that issue. This is due to a provision of Rule 218 which states "... a non-suit may be entered *on motion of the defendant...*" (emphasis supplied). The plain meaning of this phrase—that a motion for non-suit must be made by defendant in order for a non-suit to be granted—was the basis for a Common Pleas decision, *Elder v. Elder*, 3 Adams L.J. 184, 25 D & C 325 (1961). We can discern no compelling reason to depart from *Elder* and the plain meaning of the Rule.

Thus, it is irrelevant whether the non-suit had been entered pursuant to Rule 1037(c) or Rule 218. Both Rules require that a motion be made.

Even though it has been established that a motion is necessary, it is not apparent what a correct disposition of this case would be. This is because there is no motion for Non Pros. on the record before us, yet there are allegations that a motion was made. Indeed, the court below, in its opinion, stated that a motion was made. Further, appended to its opinion was an affidavit of appellee's counsel that he had made such a motion.

However, a fact cannot become of record by virtue of its inclusion in the trial court opinion. *McCaffrey v. Schwartz*, 285 Pa. 561, 132 A. 810 (1926). See also Pa.R.A.P. 1921. The affidavit, as appended to that opinion, and not entered in the record in an adversary proceeding, is similarly also not of record. Nor is appellee's statement in

his brief that the motion was made part of the record. *Commonwealth v. Rini*, 285 Pa.Super. 475 at 481, 427 A.2d 1385 at 1388 (1981).

█ Our refusal to formally recognize the existence of a motion in no way indicates that we discredit the word of the trial court or of appellee's counsel. We are simply constrained from taking cognizance of this motion having been made on the basis of the record before us.

Fortunately, there is a way for this factual dispute to be resolved so that we may dispose of this case on its legal merits. Pennsylvania Rule of Appellate Procedure 1926 provides, in part:

*Correction or Modification of the Record*

If any difference arises as to whether the record truly discloses what occurred in the lower court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident ... the appellate court ... of its own initiative may direct that the omission ... be corrected...

Our appellate courts have, on several occasions, remanded a case for an evidentiary hearing as to whether a motion had been made. *Commonwealth v. Harbaugh*, 253 Pa.Super. 24, 384 A.2d 957 (1978) (requested points for charge); *Commonwealth v. Walsh*, 252 Pa.Super. 111, 380 A.2d 1307 (1977) (post-verdict motions); *Commonwealth v. Hobson*, 481 Pa. 526, 393 A.2d 29 (1978) (motion for a change of venue).

In the interests of having this case decided on the basis of an accurate record, we follow that example. We remand the case before us for an evidentiary hearing, finding and potential supplementation to the record on whether or not a motion for Non Pros. was made by appellee. Jurisdiction is retained.