# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Born E. Divine a/k/a Baron Darnell,    :
            Appellant          :
                                       :
            v.                  :   No. 18 C.D. 2017
                                         :   ARGUED:  October 19, 2017
City of Philadelphia, Louis Giorla,    :
Michelle Farrell                       :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE J. WESLEY OLER, JR., Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE OLER, JR.           FILED:  December 8, 2017

This appeal of Born E. Divine (Appellant) arises out of the entry of a judgment of *non pros* by the Court of Common Pleas of Philadelphia County (trial court) and the trial court's subsequent denial of a request to open the judgment. The trial court's entry of judgment was precipitated by Appellant's failure to file a complaint after Appellant initiated a civil action against the City of Philadelphia, the Commissioner of the Philadelphia Prison System, the Curran Fromhold Correctional

Facility (Correctional Facility),[1] and the Warden of the Correctional Facility (together, Appellees) by a praecipe for writ of summons. We affirm.

On June 23, 2013, Appellant allegedly suffered harm at the Correctional Facility as an inmate when a water faucet button injured his finger. (Reproduced Record (R.R.) at 11a.) On June 26, 2015, Appellant initiated a civil action in the trial court by filing a praecipe for writ of summons. (*Id.* at 1-2a.) On August 27, 2015, the trial court issued a rule directing Appellant to file a complaint within twenty days of that date or suffer a judgment of *non pros*. (*Id.* at 4a.) That date passed, and the case proceeded to a case management conference in November 2015 and then to a pre-trial conference in June 2016. (*Id.* at 3-7a.) Appellant's counsel failed to appear at the pre-trial conference and failed to file a settlement memorandum. (*Id.* at 7a.)

Shortly before trial, the trial court discovered that Appellant had never filed a complaint. (Trial Court Opinion, 12/7/2016, at 2.) On July 25, 2016, the trial court entered a judgment of *non pros* because Appellant had failed to file a complaint within twenty days of the trial court's August 27, 2015 rule directing that he do so. *Id.* On August 3, 2016, Appellant filed a motion to reconsider the judgment of *non*

---

[1] This Court issued an order on August 9, 2017 removing the Correctional Facility as an active party to this appeal because it was not served and did not participate in the action before the trial court.

*pros.* (R.R. at 8a.) In support of the motion, Appellant made the following averments:

1. Plaintiffs [sic] initiated this action by Writ of Summons on June 26, 2015.

2. This action arises out of an accident that occurred on June 26, 2013, when plaintiff, was lawfully and properly trying to use the hot water at a sink in Curran Fromhold Correctional Facility and the defective button snapped his right middle finger.

3. The accident was caused by the defendants' negligence, carelessness and recklessness including, but not limited to, creating a dangerous condition, which defendants knew or had reason to know existed and/or created, and the dangerous condition existed for some time prior thereto, which caused plaintiff serious and permanent injuries.

4. A Rule to File a Complaint was filed on August 27, 2015.

5. The last time counsel heard from her client was September 8, 2014 - he has been out of custody at least since then.

6. Counsel has been attempting to locate the client to verify the complaint without success.

7. Plaintiffs [sic] have stated a meritorious cause of action against all Defendants.

8. Pursuant to Pa.R.C.P. [No.] 237.3, the judgment of non-pros as to all Defendant's [sic] should be opened since the instant motion will be filed ten (10) days of its entry.

9. The plaintiffs [sic] failure to file complaint deemed to be reasonably explained pursuant to Pa. R.C.P. [No.] 237.2 [sic] by the filing of this petition and counsel has not failed to act.

3

> 10. The judgment of non pros should be opened and this matter should proceed to trial as to all Defendants.

(R.R. at 11-12a.)  On August 29, 2016, the trial court issued an order denying Appellant's motion.  (Id. at 8a.)

On December 7, 2016, the trial court issued an opinion in support of its denial of Appellant's motion to reconsider.  The trial court stated that the entry of a judgment of *non pros* had been proper because Appellant showed a lack of due diligence for failure to proceed with reasonable promptitude, Appellant failed to offer a compelling reason for the delay, and Appellees were prejudiced by Appellant's failure to file a complaint.  (Trial Court Opinion, 12/7/2016, at 2-3.)  The trial court indicated that the failure of Appellant's counsel to file a complaint for more than a year since the initiation of the lawsuit, counsel's failure to have Appellees served with original process, and counsel's failure to appear at, and submit material for, a scheduled settlement conference all constituted a lack of due diligence.  (*Id.* at 3-4.)  The trial court further stated that Appellant's counsel failed to provide a compelling excuse for the lack of due diligence or the continued failure to make contact with Appellant.  (*Id.* at 4.)  The trial court concluded that Appellees had been prejudiced because, although the statute of limitations had ostensibly been tolled, Appellant had failed to put forth a good faith effort to secure service upon Appellees.  (*Id.* at 4-5.)

4

Finally, the trial court found that its denial of the request to open the judgment was proper under Pa.R.C.P. No. 3051(c) because, although the request to open the judgment was timely filed, Appellant failed to demonstrate a meritorious cause of action and failed to show that the requirements for entry of judgment of *non pros* had not been met. (*Id.* at 5-6.) In particular, the trial court pointed to Appellant's failure to file a complaint setting forth the facts supporting his cause of action and found that the record supported the proposition that the requirements for the entry of a judgment of *non pros* for inactivity had been satisfied. This appeal of the trial court's denial to open the judgment of *non pros* followed.[2]

A trial court has the authority to enter a judgment of *non pros* when a party to the proceeding has (1) shown a lack of due diligence in failing to proceed with reasonable promptitude; (2) there has been no compelling reason for the delay; and (3) the delay has caused some amount of prejudice to the adverse party. *James Bros. Lumber Co. v. Union Banking & Trust Co. of Du Bois, Pennsylvania*, 247 A.2d 587, 589 (Pa. 1968) (internal citations omitted). Rule 3051 provides that the only relief from a judgment of *non pros* must be sought by a petition to strike or a petition

---

[2] A grant of a judgment of *non pros* because of the failure of a party to prosecute the action within a reasonable time rests within the discretion of the trial court and will not be disturbed absent proof of a manifest abuse of discretion. *Gallagher v. Jewish Hospital Ass'n of Philadelphia*, 228 A.2d 732, 733 (Pa. 1967). A trial court's decision to deny a petition to open or strike a judgment of *non pros* is scrutinized pursuant to the abuse of discretion standard of appellate review. *Madrid v. Alpine Mountain Corp.*, 24 A.3d 380, 381-82 (Pa. Super. 2011).

to open, and that all grounds for relief must be asserted in a single petition. Pa.R.C.P. No. 3051(a).[3]

In order to open a judgment of *non pros* that was entered for reasons of inactivity, the moving party must show that (1) the petition to open was promptly filed; (2) there is a meritorious cause of action; and (3) the record of the proceedings granting the judgment of *non pros* does not support a finding that the following requirements for entry of a judgment of *non pros* for inactivity have been satisfied: (i) there has been a lack of due diligence on the part of the plaintiff for failure to proceed with reasonable promptitude, (ii) the plaintiff has failed to show a compelling reason for the delay, and (iii) the delay has caused actual prejudice to the defendant. Pa.R.C.P. No. 3051(c); *Madrid v. Alpine Mountain Corp.*, 24 A.3d 380, 381-82 (Pa. Super. 2011). Failure to file a timely and rule-compliant petition to open operates as a waiver of issues concerning the judgment of *non pros*, as any appeal related to a judgment of *non pros* lies not from the judgment itself, but from the trial court's denial of a petition to open or strike. *Madrid*, 24 A.3d at 382.

Here, Appellant filed the equivalent of a petition to open the judgment of *non pros* with the trial court. Despite titling the petition "Plaintiff's Motion to

---

[3] The trial court's opinion indicated that, although Appellant's petition to open cited to Pa.R.C.P. No. 237.3 as the rule governing the entry of judgments of *non pros*, Pa.R.C.P. No. 3051 properly controls this matter because Rule 3051 governs the entry of judgments of *non pros* by the court, while Rule 237.3 governs the entry of judgments by the prothonotary upon praecipe.

6

Reconsider Non Pros," Appellant stated within the petition that "[p]ursuant to Pa.R.C.P. [No.] 237.3, the judgment of non-pros as to all Defendant's [sic] *should be opened* since the instant motion will be filed [within ten] days of its entry," and "[t]he judgment of non pros *should be opened* and this matter should proceed to trial as to all Defendants." (R.R. at 12a) (emphasis added). As a result, the request is properly treated as a petition to open the judgment of *non pros*, subject to the requirements of Rule 3051.

Appellant's petition to open the judgment was timely, but we must address whether Appellant's petition satisfied the second and third mandates of Rule 3051. The trial court determined that Appellant's petition failed to sufficiently allege facts showing a meritorious cause of action. We agree. The trial court correctly notes that Appellant failed at any point in the litigation to file a complaint – or attach a proposed complaint to his petition to open – which would have facilitated the allegation of facts in support of his negligence claims against Appellees. As a result, the only facts alleged by Appellant that might show a meritorious cause of action are those found in his petition to open. In the petition, Appellant claims only that

> this action arises out of an accident that occurred on June 26, 2013, when plaintiff, was lawfully and properly trying to use the hot water at a sink in Curran Fromhold Correctional Facility and the defective button snapped his right middle finger…. The accident was caused by the

7

defendants' negligence, carelessness and recklessness including, but not limited to, creating a dangerous condition, which defendants knew or had reason to know existed and/or created, and the dangerous condition existed for some time prior thereto, which caused plaintiff serious and permanent injuries.

(*Id.* at 11a.) A petition to open a judgment of *non pros* that "merely repeats the averments from [the] complaint does not satisfy the meritorious cause of action requirement in Rule 3051(c)(2)." *Intech Metals, Inc. v. Meyer, Wagner & Jacobs*, 153 A.3d 406, 411 (Pa. Super. 2016) (quoting *Stephens v. Messick*, 799 A.2d 793, 800 (Pa. Super. 2002)). Here, Appellant has failed even to repeat averments from a complaint; rather, in the absence of any complaint, he is presenting general and conclusory averments for the first time in his request to open judgment. Appellant's general assertions without any factual detail are insufficient to satisfy Rule 3051(c)(2).[4]

Next, the trial court determined that Appellant failed to satisfy the third prong in Rule 3051(c) because he failed to demonstrate that the record does not support a finding that the requirements for the underlying entry of judgment were

---

[4] We note that Appellees argued in their brief that Appellant's underlying negligence claim against them was precluded under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8541-8564, because Appellant failed to demonstrate that the action came within any of the Act's stated exemptions. Because we find that Appellant failed to satisfy the basic requirement that he allege a factual basis for a meritorious cause of action, we will not analyze whether Appellant's negligence claim was precluded by the Tort Claims Act.

8

satisfied. Appellant's petition failed to address requirements set forth in Rule 3051(c)(3)(ii) and (iii). As a result, although he addresses the issues now in his appellate brief, Appellant has waived his ability to challenge whether the trial court properly found that he failed to show a compelling reason for the delay in filing his complaint and that the delay has caused actual prejudice to the defendant. *See* Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.") Based on the matters contained in his request to open, Appellant can challenge only the trial court's finding that Appellant exercised a lack of due diligence for failure to proceed with reasonable promptitude.

The trial court found that Appellant failed to act with due diligence primarily because Appellant had failed to file a complaint as of the eve of trial. To compound this failure, Appellant's counsel disclosed in the petition to open that counsel had been unable to contact or locate Appellant in the months leading up to the entry of the judgment of *non pros*. The trial court detailed a variety of methods that Appellant's counsel could have utilized to demonstrate due diligence: counsel could have provided documentation or proof of attempts to locate Appellant; counsel could have attached letters mailed to Appellant or other attempts to determine Appellant's mailing address; counsel could have filed a complaint in Appellant's absence and submitted a new verification when Appellant was located; or counsel could have withdrawn from the matter entirely. (Trial Court Opinion, 12/7/2016, at

9

3-4.) Because of the failure of Appellant's counsel to satisfactorily demonstrate an attempt to either file a complaint or locate Appellant and because of Appellant's failure to be a reasonable participant in his litigation, the trial court found a lack of due diligence with no compelling excuse.

We agree. Although counsel stated during oral argument that Appellant has now, in fact, been located, at the time of the filing of the request to open – the denial of which is on appeal here – there is no indication that Appellant was or continued to be interested in pursuing this litigation to maintain contact with his attorney or the court. As a result, we find that the trial court's determination that Appellant failed to satisfy the requirement in Rule 3051 related to due diligence was not an abuse of discretion.

Finally, Appellant argues in his brief that the entry of a judgment of *non pros* was improper because it was entered by the trial court *sua sponte* and absent a motion by Appellees. Appellant points to a number of cases where this Court and the Superior Court have found that a trial court errs when it enters a judgment of *non pros sua sponte*. *See In the Matter of Slavonic Literary Ass'n*, 436 A.2d 1257 (Pa. Cmwlth. 1981) (citing *Paulish v. Bakaitis*, 275 A.2d 318, 322 (Pa. 1971)) (determining that when there was no motion for judgment by a party, the trial court lacked the authority to enter judgment); *Hatalowich v. Bednarski*, 461 A.2d 1292 (Pa. Super. 1983) (applying the holding in *Slavonic* specifically to entries of

judgments of *non pros*). Appellant argues that the same should apply here, and that as a result the trial court abused its discretion.

The trial court's December 7, 2016 opinion does not address the *sua sponte* issue. However, regardless of whether the trial court erred initially in entering *sua sponte* the underlying judgment, Appellant failed to raise this issue in his petition to open the judgment of *non pros*. A party must strictly comply with Rule 3051 before an appellate court may review the underlying judgment of *non pros*, and, if the party fails to preserve the issues by filing an inadequate petition, the appellate court will find that *all* issues related to the underlying judgment have been waived. *Madrid*, 24 A.3d at 383. As a result, even if a procedural error occurred in the underlying entry of judgment of *non pros*, Appellant waived his right to challenge that issue because his petition to open failed to meet the requirements of Rule 3051.[5] Simply put, Appellant can appeal now only the trial court's denial of issues that he preserved in his petition to open.

---

[5] The Superior Court in *Madrid* confronted the issue of waiver through an insufficient petition as it relates to procedural defects in the underlying entry of judgment of *non pros*, stating that while the Superior Court "acknowledge[s] that the trial court's underlying decision to enter the *non pros* judgment may have been in error…we are unable to reach the merits of the underlying judgment of *non pros*…[inasmuch as] a party must be found to have strictly complied with Rule 3051 before we may review the underlying judgment of *non pros*." *Madrid*, 24 A.3d at 384 n.4.

11

Accordingly, we affirm the decision of the trial court to deny Appellant's request to open the judgment of *non pros*.


_____
J. WESLEY OLER, JR., Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Born E. Divine a/k/a Baron Darnell,  :
                  Appellant    :
                             :
          v.             :  No. 18 C.D. 2017
                             :
City of Philadelphia, Louis Giorla,  :
Michelle Farrell             :

O R D E R

AND NOW, this 8th day of December, 2017, the order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.

_____
J. WESLEY OLER, JR., Senior Judge