688 A.2d 1215

Anna M. GENDRACHI, Appellant,

v.

Bruce G. CASSIDY, I/T/A, Desaretz & Cassidy and Sheri Desaretz, I/T/A Desaretz & Cassidy, and John T. Robertson, Jr., and Joel H. Merow, and Michael D. Kasson, and Donelle A. Williams and Erick C. Smith.

Superior Court of Pennsylvania.

Argued Nov. 26, 1996.

Filed Jan. 14, 1997.

Anthony B. Quinn, Philadelphia, for appellant.

Jeffrey McCarron, Philadelphia, for appellee.

Before CAVANAUGH, CIRILLO, BECK, POPOVICH, JOHNSON, HUDOCK, FORD ELLIOTT, SAYLOR and EAKIN, JJ.

JOHNSON, Judge:

In this appeal, we are asked whether a trial court has the authority to enter a judgment of non pros on the basis of a plaintiff's failure to appear at a status call of the list for the assignment of a trial date. Because we find that a trial court lacks such authority, we reverse and remand this matter to the trial court for proceedings consistent with this Opinion.

Anna M. Gendrachi filed a complaint in the Court of Common Pleas of Philadelphia County alleging that members of a law firm that previously had represented her negligently handled a workers' compensation claim that they pursued on her behalf. Gendrachi's case appeared on the non-jury status trial list in the *Legal Intelligencer* on March 10 and 13, 1995.

When Gendrachi's counsel failed to appear at the status call of the list for the assignment of a trial date, the court, sua sponte, entered a judgment of non pros pursuant to Pa.R.C.P. 218. Subsequently, Gendrachi's counsel filed a petition to open the judgment of non pros, which was denied. Counsel then filed the instant appeal. While the appeal was pending, counsel filed a motion for reconsideration with the trial court, which also was denied. Counsel then filed a second appeal from the order denying that motion. This Court, however, has quashed that appeal. Order, January 10, 1996, in No. 3836 Philadelphia, 1995. Thus, we will only consider Gendrachi's appeal from the June 2, 1995, order denying Gendrachi's petition to open the judgment of non pros.

After oral argument on Gendrachi's contentions on appeal, but before this Court had filed a decision, we consolidated this appeal with three others, all of which involve the entrance of a judgment of non pros after plaintiff counsel's failure to appear at the status call of the list. We simultaneously granted a rehearing en banc to determine whether the trial court may enter a judgment of non pros because of a plaintiff's failure to attend a status call.

Gendrachi contends on appeal that the trial court lacked the authority to enter a judgment of non pros based upon counsel's failure to attend the status call of the list. Gendrachi also asserts that the court abused its discretion in denying her petition to open the judgment of non pros. Finally, Gendrachi alleges that the judgment of non pros is void from the outset because the status list was published on only two occasions, contrary to certain local rules of court.

Gendrachi's first contention, which closely resembles the issue on which we granted rehearing en banc, is whether a trial court has the authority to enter a judgment of non pros on the ground that plaintiff's counsel failed to appear at the status call of the list. In Philadelphia County, the calendar judge presiding at the call of the list assigns a trial date. Steven A. Arbittier, David F. Simon, and Matthew A. White,

*Philadelphia Court of Common Pleas Civil Practice Manual* § 9–3.2 (8th ed. 1995).

■ A trial court lacks inherent authority to enter a judgment of non pros. *See Roseman v. Hospital of Univ. of Pa.,* 377 Pa.Super. 409, 417–18, 547 A.2d 751, 756 (1988); *Hatalowich v. Bednarski,* 315 Pa.Super. 303, 305–06, 461 A.2d 1292, 1293–94 (1983). Thus, for a trial court to have the power to enter a judgment of non pros, the court must derive its authority from some other source, such as a rule of civil procedure. *Roseman, supra; Hatalowich, supra.* Here, the trial court entered a judgment of non pros under Pa.R.C.P. 218.

In interpreting the Pennsylvania Rules of Civil Procedure, we are mindful that the "object of all interpretation and construction of rules is to ascertain and effectuate the intention of the [Pennsylvania] Supreme Court." Pa.R.C.P. 127(a). Further, "[w]hen the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa.R.C.P. 127(b). We may presume that the court "does not intend a result that is absurd, impossible of execution or unreasonable." Pa.R.C.P. 128(a). Additionally, the "title or heading of a rule may be considered in construing the rule." Pa.R.C.P. 129(a).

Rule 218 states, in pertinent part:

**RULE 218. PARTY NOT READY WHEN CASE IS CALLED FOR TRIAL**

(a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion.

\* \* \* \* \* \*

(c) A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

Pa.R.C.P. 218.

Thus, on its face, Rule 218 applies only to a failure to appear when "a case is called for trial." This Court, however, has

concluded that under Pa.R.C.P. 212, "[c]ounsel is under the same duty to appear at conciliatory or pre-trial conferences as he or she is to appear for trial." *Anderson v. Financial Responsibility Assigned Claims Plan,* 432 Pa.Super. 54, 56, 637 A.2d 659, 660 (1994) (affirming dismissal under Rules 212 and 218 where plaintiff's counsel failed to attend a mandatory settlement conference), citing *Lee v. Cel–Pek Industries, Inc.,* 251 Pa.Super. 568, 570, 380 A.2d 1243, 1244 (1977).

Here the trial court stated that:

Plaintiff's counsel failed to appear at the call of the list for trial assignment and accordingly, Judgment of Non Pros was entered.... Counsel is under the same duty to appear at conciliatory or pre-trial conferences as they are to appear for trial. Failure to appear at one settlement conference alone is sufficient for dismissal. Moreover, under Pa.R.C.P. 218, the trial court has authority to penalize parties for not being ready when cases are called.

Trial Court Opinion, September 19, 1995, at 1 (citations omitted). The trial court apparently concluded that the status call of the list constituted a conciliatory or pre-trial conference, and that, therefore, the failure of plaintiff's counsel to appear at the call of the list justified the entry of a judgment of non pros. We disagree.

Rule 212 provides:

In any action the court, of its own motion or on motion of any party, may direct the attorneys for the parties to appear for a conference to consider:

(a) The simplification of the issues;

(b) The necessity or desirability of amendments to the pleadings;

(c) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

(d) The limitation of the number of expert witnesses;

(e) The advisability of a preliminary reference of issues to a master for findings to be used as evidence when the trial is to be by jury;

(f) Such other matters as may aid in the disposition of the action.

The court may make an order reciting the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and limiting the issues for trial to those not disposed of by admissions or agreements of the attorneys. Such order when entered shall control the subsequent course of the action unless modified at the trial to prevent manifest injustice.

The court may establish by rule a pre-trial list on which actions may be placed for consideration as above provided, and may either confine the list to jury actions or to non-jury actions, or extend it to all actions.

Pa.R.C.P. 212.

We conclude that the status call of the list does not involve any of the matters listed in Rule 212. When read in its entirety, it is clear that our supreme court intended the rule to allow the court and counsel to sharpen or define the issues prior to trial, and to resolve unnecessary conflicts concerning evidence to be presented at trial. In contrast, the status call of the list concerns nothing more than scheduling matters.

Additionally, we find that the plain text of Rule 218 precludes its application to the facts at bar. Rule 218, and its attendant sanction, applies when "a case is called for trial." Here, however, the court entered a judgment of non pros when counsel failed to appear for the call of the list for the assignment of a trial *date*. While this Court in no way condones the negligent failure of counsel to appear at the status call of the list, Rule 218's sanction simply does not apply to this procedure. Indeed, our supreme court has made a purposeful distinction between the two procedural postures, referring in Pa.R.C.P. 217, in a different context, to the "preliminary call of the list." Therefore, the text of Rule 218, particularly when read in light of the text of Rule 217, makes clear our supreme court's intent to preclude Rule 218's appli-

cation in situations where counsel fails to attend a status call of the list.

We note that this dismissal practice of the trial court seems well-established in Philadelphia County; a practice manual written for the benefit of practitioners in that county states that "[a]ppearance of counsel at all status conferences and settlement conferences is mandatory. Failure to appear will result in the imposition of sanctions in the form of a judgment of non pros or dismissal." Arbittier et al., *supra*, § 9–4.0. A manual published for Allegheny County practitioners contains a similar admonition: "If no one appears [for the call of the list], the court may order the case stricken from the issue docket and enter a judgment of non pros. Pa.R.C.P. 218." Pennsylvania Bar Institute, *Allegheny County Court of Common Pleas Civil Practice Manual* § 8–3.1(b)(iv) (3d ed. 1996).

Nonetheless, we find that equating a pre-trial settlement conference with a status call of the list in determining the sanction for counsel's absence from the status call has absolutely no basis in statute, Pennsylvania Rule of Civil Procedure, local rule of court, or controlling case law. Indeed, such equation contradicts the Pennsylvania Supreme Court's manifest intent to limit the scope of Rule 218, and our supreme court's intent is controlling in this Court's interpretation of the Rules. Pa.R.C.P. 127(a). Accordingly, we conclude that the trial court lacked authority to enter a judgment of non pros based upon counsel's failure to appear for the status call of the list. *See Roseman, supra; Hatalowich, supra.*

Yet, we are mindful of the trial courts' need to maintain an efficient scheduling system and of the disruptions to that system that counsel's absence from the call of the list might cause. To that end, we find nothing to prevent the scheduling judge from setting a date for trial in counsel's absence. This action alone provides a sufficient sanction for counsel's failure to appear at the status call of the list. If counsel fails to appear or is unready when the case is called for trial, the trial court, at that point, may properly enter a judgment of non pros under the authority of Rule 218.

Because of our resolution of Gendrachi's first contention, we need not address her remaining assertions of error.

Based upon the foregoing, we reverse the trial court's order denying Gendrachi's petition to open the judgment of non pros, and we remand this matter to the trial court for proceedings consistent with this Opinion.

Order **REVERSED.** Case **REMANDED.** Jurisdiction **RELINQUISHED.**

SAYLOR, J., files a concurring statement, in which he joins the opinion by JOHNSON, J.

CIRILLO, J., joins the concurring statement by SAYLOR, J.

Concurring statement of SAYLOR, Judge:

I join in the majority's Opinion. I believe, as does Judge Johnson, that a busy trial court must have the ability to supervise its own calendar free of the disruptions caused by counsel's absence from the status call of the list. I question, however, whether setting a trial date in counsel's absence provides a sufficient sanction in all instances for counsel's failure to appear at a status call. In addition to establishing a trial date, the status call serves several functions. Presumably, it enables the court to ascertain the true readiness of the parties for trial, to determine the expected duration of the trial and therefore reserve sufficient time on the court's calendar, and to address any special scheduling problems such as those involving witnesses. Thus, I believe that the trial court must have the ability and authority to impose whatever sanctions it deems appropriate, short of a non pros, for the failure to appear at the call of the list.

CIRILLO, J., joins this concurring statement.