688 A.2d 1208

**Marilyn P. BRYANT and Vincent Bryant, H/W, Appellants,**

v.

**ORTHOPEDIC SURGERY & REHABILITATION AND ASSOCIATES, P.C., G & R Bio–Med Services, Inc., Rich Mar, Richard Montemuro, Thera–Medix Ltd., and Louis Pulos, Distributor.**

Superior Court of Pennsylvania.

Submitted Nov. 26, 1996.

Filed Feb. 12, 1997.

Michael A. Shore, Philadelphia, for appellants.

Derek R. Layser, Philadelphia, Francis J. McGovern, Blue Bell, for Orthopedic Surgery & Rehabilitation, appellee.

Joseph G. Maniaci, Philadelphia, for G & R Bio–Med Services, appellee.

Barry W. Smiley, Bala Cynwyd, for Rich Mar, appellee.

Katherine C. Douglas, Philadelphia, for Montemuro, appellee.

Before CAVANAUGH, CIRILLO, BECK, POPOVICH, JOHNSON, HUDOCK, FORD ELLIOTT, SAYLOR and EAKIN, JJ.

JOHNSON, Judge.

In this appeal, we are asked whether a trial court has the authority to dismiss a plaintiff's appeal from an arbitration award in favor of a defendant on the basis of the failure of plaintiff's counsel to appear at the status call of the list for the assignment of a trial date. Because we find that a trial court lacks such authority, we reverse and remand this matter to the trial court for proceedings consistent with this Opinion.

The Bryants filed a complaint against two individuals, a professional corporation, and a medical services company, alleging claims arising in negligence, breach of warranty, strict liability, and loss of consortium. The matter was transferred to an arbitration panel that entered an award against the Bryants. The Bryants appealed this award to the Philadelphia County Court of Common Pleas, but the court dismissed the appeal sua sponte when their counsel failed to appear for the status call of the list. The Bryants petitioned

the court to vacate the dismissal of their arbitration appeal and reinstate the appeal; the court denied the petition. This appeal followed.

The Bryants contend on appeal that: (1) the trial court lacked authority to dismiss their arbitration appeal; (2) the trial court committed an error of law by dismissing their appeal without first inquiring into the reasons for counsel's absence from the status call; and (3) the trial court abused its discretion in refusing to reinstate their arbitration appeal.

 The Bryants' first contention on appeal is that the trial court lacked the authority to dismiss their appeal based upon their counsel's failure to attend the status call of the list. For a trial court to have the power to enter a judgment of non pros sua sponte, the court must derive its authority from some discernible source, such as a rule of civil procedure. *Roseman v. Hospital of Univ. of Pa.,* 377 Pa.Super. 409, 417–18, 547 A.2d 751, 756 (1988); *Hatalowich v. Bednarski,* 315 Pa.Super. 303, 305–06, 461 A.2d 1292, 1293–94 (1983). We can discern no meaningful distinction between a court's power to dismiss a plaintiff's arbitration appeal sua sponte and a court's power to enter a judgment of non pros. Therefore, before a trial court may dismiss a plaintiff's appeal from an arbitration award sua sponte, some ascertainable source must supply the court with that power. *Cf. Roseman, supra; Hatalowich, supra.* Here, the trial court dismissed the Bryants' appeal under Pa.R.C.P. 218.

This Court has recently held that Rule 218 provides no authority for a trial court to enter a judgment of non pros sua sponte based upon the failure of plaintiff's counsel to appear at the status call of the list. *Gendrachi v. Cassidy,* 455 Pa.Super. 518, 688 A.2d 1215 (1997) (en banc). We likewise find no authority in Rule 218 for a trial court's sua sponte dismissal of a plaintiff's appeal from an arbitration award based upon plaintiff counsel's failure to appear at the status call of the list.

In *Gendrachi, supra,* we noted in dictum that nothing prevented the trial court from setting a date for trial in counsel's absence. *Id.* at 524, 688 A.2d at 1218. This is not the only sanction available to the trial court. The trial court may

impose any sanction, short of non pros, that it has the authority to impose by virtue of its inherent power, statute, rule of civil procedure, or controlling case law. In *Gendrachi, supra*, we declared only that Rule 218 provides no authority for the entry of a judgment of non pros as a sanction for counsel's failure to attend the call of the list. *Id.* Here, we similarly hold only that the trial court lacks authority to dismiss a plaintiff's arbitration appeal upon counsel's failure to attend the call of the list.

Accordingly, based upon this court's Opinion in *Gendrachi, supra*, we find that the trial court lacked authority to dismiss the Bryants' arbitration appeal. We therefore reverse the order of the trial court and remand the matter for further proceedings consistent with this Opinion.

Our decision today in no way conflicts with the Commonwealth Court's recent Opinion in *Green v. Harmony House North 15th Street Housing Ass'n*, 684 A.2d 1112 (1996). There, the plaintiff appealed an arbitration award. The parties attended the status call of the list and were ordered to appear at a pre-trial conference one week before the scheduled trial date. When the pro se plaintiff failed to appear at this pre-trial conference, the trial court dismissed the plaintiff's appeal sua sponte. On appeal, the Commonwealth Court held that the trial court did not abuse its discretion in refusing to vacate the dismissal. *Id.* at 1115. This court has held similarly. *See, e.g., Anderson v. Pennsylvania Financial Responsibility Assigned Claims Plan*, 432 Pa.Super. 54, 637 A.2d 659 (1994)(affirming dismissal under Rules 212 and 218 where plaintiff's counsel failed to attend a mandatory settlement conference). Here, by contrast, the parties failed to attend the status call of the list, and not a court-ordered pre-trial conference.

Because of our resolution of the Bryants' first contention, we need not address their remaining assertions of error.

Order **REVERSED**. Case **REMANDED**. Jurisdiction **RELINQUISHED**.

CIRILLO, J. concurs in the result.