Ray C. KRUIS and Grace Kruis,
H/W, Appellants,

v.

Edward J. McKENNA, Esq. and
Zarwin, Baum, Devito, Kaplan
& O'Donnell, P.C., Appellees.

Superior Court of Pennsylvania.

Argued Oct. 23, 2001.

Filed Dec. 21, 2001.

Reargument Denied Feb. 22, 2002.

Timothy A. Galloghly, Philadelphia, for appellants.

Jeffrey B. McCarron, Philadelphia, for appellees.

Before JOHNSON, TODD, and KELLY, JJ.

KELLY, J.

¶ 1 In this appeal, we must determine whether the trial court had authority to enter a judgment of *non pros*, where Appellants failed to appear at a "Non–Jury Status/Trial Scheduling Conference" and a subsequent rule returnable hearing to explain their absence from the conference.

We must also determine whether the trial court erroneously denied Appellants' petition to vacate the judgment of *non pros,* where the petition was filed within ten-days from the date the *non pros* was entered, and Appellants presented a meritorious cause of action. We hold that the trial court had authority under Pa.R.C.P. 218 to enter a judgment of *non pros* upon Appellants' failure to appear at the pretrial status/scheduling conference. We further hold that the trial court properly denied Appellants' petition to vacate the judgment of *non pros,* where Appellants failed to offer a satisfactory excuse for their absence from the pre-trial conference and the rule returnable hearing. Hence, we affirm the order of the trial court.

¶ 2 The relevant facts and procedural history of this appeal are as follows. On September 25, 1996, Appellant Ray Kruis, was injured on a drum cart owned by the Commonwealth, while allegedly acting within the scope of his employment as the driver of a tractor-trailer. Appellant hired Appellees to prosecute his claim. Sometime after the accident, the Commonwealth misplaced the allegedly defective drum cart. On August 12, 1998, Appellees informed Appellants that they were unable to pursue any personal injury claim on Appellants' behalf. Appellees did not notify Appellants that the statute of limitations on their personal injury claims would expire in approximately one month.

¶ 3 After the statute had run, Appellants enlisted the services of another attorney. On November 9, 1999, counsel filed a legal malpractice action on behalf on Appellants, alleging Appellees' negligence in failing to inform Appellants of the impending statute of limitations run date or that Appellants had a claim for spoliation of evidence. Although this complaint included a jury trial demand, Appellants' counsel failed to pay the required jury trial fees. Thus, the case was assigned to the non-jury trial list.

¶ 4 The court scheduled the matter for a "Non–Jury Status/Trial Scheduling Conference" to be held on January 3, 2000. Allegedly under the impression that placement on the non-jury trial list was in error, Appellants' counsel failed to appear at the conference. Upon Appellants' absence from the conference, the trial court issued a Rule Returnable for Appellants to appear on April 19, 2000 and show cause why they had failed to appear at the status conference. Appellants and counsel failed to appear at the April 19, 2000 hearing as well. The trial court entered a judgment of *non pros* for Appellants' failure to appear at both the status conference and the rule returnable hearing.

¶ 5 On April 26, 2000, Appellants filed a petition to open the judgment of *non pros.* The trial court denied this petition on June 8, 2000. On June 16, 2000, Appellants filed a motion for reconsideration of the court's June 8th order. Appellants then filed a timely notice of appeal with this Court on July 6, 2000.

¶ 6 Appellants present the following issue on appeal:

> WHETHER THE [TRIAL] COURT ERRED IN DENYING APPELLANTS' PETITION TO VACATE THE ORDER OF JUDGMENT OF *NON PROS?*

(Appellant's Brief at 3).

¶ 7 Initially, we note our well-settled standard of review.

> A request to open a judgment of *non pros* is by way of grace and not of right and its grant or refusal is peculiarly a matter for the [trial] court's discretion. We are loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident. Before a petition to open a judgment of

non pros may be granted, the moving party must 1) promptly file a petition to open, 2) present a reasonable explanation or excuse for the default or delay that precipitated the *non pros,* and 3) establish that there are sufficient facts to support a cause of action.

*MacKintosh–Hemphill Intern., Inc. v. Gulf & Western, Inc.,* 451 Pa.Super. 385, 679 A.2d 1275, 1278–79 (1996), *appeal denied,* 548 Pa. 637, 694 A.2d 622 (1997).

▋ ¶ 8 Appellants argue the trial court lacked authority under Rule 218 to enter a judgment of *non pros* for their failure to appear at the "NonJury Status Conference." Appellants further allege that they failed to appear at the pre-trial status conference because they thought the placement of their case on the non-jury trial list was in error. Appellants contend they expected their case would soon be placed on the jury trial list rendering the non-jury trial status conference "inoperable." Appellants aver that they did not attend the rule returnable hearing for the same reason. Appellants argue this misapprehension concerning the status of their trial was a satisfactory excuse for their failure to attend the hearings. Moreover, Appellants contend that under Pa.R.C.P. 237.3, a plaintiff who files a petition to vacate a judgment of *non pros* within ten days from the date the *non pros* was entered does not need to show that his petition was timely filed or that he has a reasonable excuse for his absence. Appellants maintain they filed their petition within ten days and presented a meritorious cause of action for attorney malpractice. Thus, Appellants conclude the trial court erred when it denied their petition to vacate the judgment of *non pros.* We disagree.

¶ 9 Pennsylvania Rule of Civil Procedure 212.3 permits the trial court to direct the parties to appear at a pre-trial conference to consider:

(1) The simplification of the issues;

(2) The necessity or desirability of amendments to the pleadings;

(3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

(4) The limitation of the number of expert witnesses;

(5) The advisability of a preliminary reference of issues to a master for findings to be used as evidence when the trial is to be by jury;

(6) Such other matters as may aid in the disposition of the action.

Pa.R.C.P 212.3. Although Rule 212.3 does not provide sanctions for a party's failure to appear at a scheduled pre-trial conference, Rule 218(a) provides that "[w]here a case is called for trial…the court may enter a nonsuit on motion of the defendant or a *non pros* on the court's own motion." Pa.R.C.P. 218(a). The sanctions in Rule 218 have consistently been extended to cover a plaintiff's absence from a pre-trial conference scheduled pursuant to Rule 212.3. *Lee v. Cel–Pek Industries, Inc.,* 251 Pa.Super. 568, 380 A.2d 1243 (1977). Reasoning that Rule 218 covers pre-trial conferences, this Court stated:

Indeed, when applying court authority inherent in [Pennsylvania] Rule Civil Procedure 212, we find that counsel is under the same duty to appear at conciliatory **or pre-trial conferences** as he is to appear at trial. In such cases we believe that [Pennsylvania] Rule of Civil Procedure 218 applies.

*Id.* at 1244. *See also Kalantary v. Mention,* 756 A.2d 671, 674 (Pa.Super.2000) (stating "Rule 218 governs attendance at pre-trial conferences as well as at trials"); *Anderson v. Financial Responsibility Assigned Claims Plan,* 432 Pa.Super. 54, 637 A.2d 659, 660 (1994) (stating "Counsel is under the same duty to appear at concilia-

tory or pre-trial conferences as he or she is to appear for trial"); *Stock v. Arnott,* 415 Pa.Super. 113, 608 A.2d 552, 554 (1992) (stating "pursuant to the inherent authority in Rule 212, that 'counsel is under the same duty to appear at conciliatory or pre-trial conferences as he is to appear at trial' ") (quoting *Lee, supra* at 1244).

¶ 10 Although the sanctions available under Rule 218 have been consistently extended to absence from pre-trial conferences, this Court has held these sanctions do not apply to a plaintiff who is absent from a "status call of the list." *Gendrachi v. Cassidy,* 455 Pa.Super. 518, 688 A.2d 1215, 1217 (1997) (*en banc*). In *Gendrachi,* this Court did not extend Rule 218 to cover the call of the trial list, because the court "concluded that the status call of the list [did] not involve any of the matters listed in Rule 212." *Id.* Therefore, if plaintiff is absent from a pre-trial proceeding involving any of the matters described in Rule 212, then the court is free to apply the sanctions available in Rule 218. *See Lee, supra, Kalantary, supra, Gendrachi, supra, Anderson, supra, Stock, supra.* However, if plaintiff is absent from a pre-trial proceeding involving matters outside the scope of Rule 212, the sanctions in Rule 218 do not apply. *See Gendrachi, supra.*

¶ 11 To open a judgment of *non pros,* a plaintiff must file a petition for relief with the trial court. Pa.R.C.P. 237.3, 3051; *Sahutsky v. H.H. Knoebel Sons,* 566 Pa. 593, 782 A.2d 996 (2001). "The Superior Court has previously recognized that there are two different standards governing relief from a judgment of *non pros,* the application of which is dependent upon the circumstance under which the judgment was entered." *Simmons v. Luallen,* 563 Pa. 589, 763 A.2d 810, 812 (2000). If a judgment of *non pros* is entered by the prothonotary pursuant to Rules 1037(a) or 1659 for a plaintiff's failure to file a complaint, then Rules 3051 **and** 237.3 govern the petition for relief.[1] *See* Pa.R.C.P. 237.1, 237.3; *Simmons, supra.* However, if the *non suit* is entered pursuant to any other rule (e.g. Rule 218), then the petition for relief is controlled by Rule 3051 **alone**. *See Petrone v. Whirlwind, Inc.,* 444 Pa.Super. 477, 664 A.2d 172 (1995). *See also Simmons, supra,* Pa.R.C.P. 3051 Note.

¶ 12 Rules 3051237.3 both require a plaintiff who seeks to open a judgment of *non pros* to show:

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

(3) there is a meritorious cause of action.

Pa.R.C.P. 237.3(a), 3051. However, where a judgment of *non pros* has been entered by the prothonotary for a plaintiff's failure to file a timely complaint, Rule 237.3(b) excuses a petitioner from establishing the first two prongs of that standard, where the petitioner filed a petition to open the *non pros* within ten days from the date the *non pros* was entered. Pa.R.C.P. 237.3(b). A similar provision does not exist in Rule 3051. *See* Pa.R.C.P. 3051, *Simmons, supra.* Thus, a plaintiff seeking to open a judgment of *non pros* entered pursuant to Rule 218(a) must satisfy each of the three prongs of Rule 3051, regardless of how promptly he files his petition. *See Petrone, supra.* If such a plaintiff files a petition to open the *non pros* within ten days of the date the *non pros* was entered, then the plaintiff will most likely establish the first prong of Rule 3051 regarding the

1. Rules 1037(a) and 1659 permit the prothonotary to enter a judgment of *non pros* where the plaintiff fails to file a complaint within twenty days after the plaintiff has been served with a rule to file a complaint. Pa.R.C.P. 1037(a), 1659.

prompt filing of the petition. However, the plaintiff is still required to prove the two remaining prongs of that rule. *See id.*

¶ 13 In the instant case, Appellants failed to appear at the "Non–Jury Status/Trial Scheduling Conference" because they felt the placement of their case on the non-jury trial list was an error. Appellants then failed to appear at the rule returnable hearing to explain their absence at the pre-trial conference for the same reason. The "Non–Jury Status/Trial Scheduling Conference" qualifies as a "pre-trial" conference scheduled under Rule 212.3. Thus, the trial court had authority to enter a judgment of *non pros* when Appellants first failed to appear at the conference. *See Lee, supra, Kalantary, supra, Gendrachi, supra, Anderson, supra, Stock, supra.* Consequently, the trial court also had authority to enter a judgment of *non pros* based on Appellant's failure to attend the pre-trial conference and the rule returnable hearing. *Id.*

■ ¶ 14 Having determined that the trial court was empowered to enter the judgment of *non pros,* we must now determine whether the trial court erroneously denied Appellants' petition to vacate the *non pros.* The court entered the *non pros* on the authority of Rule 218(a). Therefore, Rule 237.3 does not apply. Appellants' petition to vacate the judgment of *non pros* is governed by Rule 3051 alone. *See Simmons, supra,* Pa.R.C.P. 237.1, 237.3, 3051. Although Appellants' petition, filed within ten days from the date the *non pros* was entered, satisfies the first prong under Rule 3051, Appellants are still required to demonstrate a reasonable excuse for their failure to appear at the conference and the rule returnable hearing. They must also establish that they have a meritorious cause of action. Pa.R.C.P. 3051.

¶ 15 Had Appellants paid the jury trial fee, their case would have been placed on the jury trial list. A simple telephone call to the court prothonotary would have revealed the reason Appellants' case was placed on the non-jury trial list. If Appellants had appeared at the rule returnable hearing to explain their absence at the pre-trial conference, then they may have persuaded the trial court not to enter the *non pros* based on their mistake. However, by also ignoring the rule returnable hearing, Appellants gambled away their most propitious opportunity to explain their absence from the pre-trial conference and avoid the judgment of *non pros.*

¶ 16 Appellants' decision to ignore the pre-trial conference under the assumption that it would later be rendered inoperable was unwise. Appellants' decision to ignore the rule returnable hearing, scheduled specifically to allow them an opportunity to explain any misunderstanding that precipitated their absence from the pre-trial conference, was inexcusable. More importantly, the trial court determined that Appellants' explanation for their absence at the pre-trial conference and the rule returnable hearing was not sufficient to satisfy the second prong of Rule 3051. We see no abuse of discretion. *See MacKintosh–Hemphill, supra.*

¶ 17 Based upon the foregoing, we hold that the trial court was empowered to enter a judgment of *non pros* upon Appellants' failure to appear at the pre-trial status conference. We further hold that Appellants' explanation for their failure to appear at the pre-trial conference and the rule returnable hearing is unacceptable. Therefore, the trial court properly denied Appellants' petition to vacate the judgment of *non pros.* Accordingly, we affirm.

¶ 18 Order affirmed.