J-A21002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANNE VALLE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARGLE, CAROLINE AND LOCH, | : | No. 452 EDA 2020 |
| RICHARD J., JR. | : | |

Appeal from the Order Entered January 24, 2020
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  No. C-48-CV-2016-07376

BEFORE:  LAZARUS, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                **FILED OCTOBER 07, 2020**

Anne Valle appeals from the trial court's order denying her petition for relief following the court's entry of a judgment of non pros due to counsel's failure to appear for the call of the trial list.  After careful review, we reverse and remand.

On July 8, 2015, Valle was involved in a motor vehicle collision when an automobile driven by Appellee, Caroline Margle,[1] struck Valle's car near an intersection in Lower Nazareth Township.  In November 2016, Valle instituted a negligence action against Appellees (Defendants) alleging she sustained "serious, severe and permanent bodily injuries" as a result of the accident.  Plaintiff's Complaint, 11/7/16, at ¶ 10.  Trial was scheduled for November 13,

---

[1] At the time of the accident, Valle was driving a car owned by Appellee, Richard J. Loch, Jr.

2018.  The court granted Defendants' motion for a continuance and trial was rescheduled for March 4, 2019.  At the February 27, 2019 call of the list, Valle's counsel requested a continuance, which the court approved; trial was continued to the "September Civil List."  Docket Entry, 2/27/19.[2]  On September 18, 2019, Valle and her attorney failed to appear for the call of the civil jury trial list.  As a result, the court entered a judgment of non pros against Valle on September 19, 2019.[3]

On September 30, 2019, Valle's counsel filed a petition for relief from judgment of non pros.  **See** Pa.R.C.P. 3051; **see also** Pa.R.C.P. 218, Note ("[A] judgment of non pros is subject to the filing of a petition under Rule 3051 for relief from a judgment of non pros.").  The court scheduled a hearing on the petition for October 10, 2019.  On October 9, 2019, Defendants filed objections to Valle's petition.  Following a hearing, the court denied Valle's petition, without prejudice, due to Valle's procedural non-compliance.  Specifically, the court denied Valle's petition "for failure to comply with

---

[2] The docket contains an entry, dated August 22, 2019, stating, "CIVIL ACTION scheduled for 9/23/2019 [at] 9:00 AM in COURTROOM #1 with NO JUDGE ASSIGNED[.]"  Docket Entry, 8/22/19.

[3] The trial court's order cites to Pa.R.C.P. 218(a) and (c) for the authority to grant the judgment of non pros, and additionally states "Plaintiff and Plaintiff's counsel failed to appear on September 18, 2019 at 9:00 a.m. for the call of the Civil Jury trial list."  Order, 9/17/19, at 1 n.1.

P[ennsylvania] Rule of Civil Procedure 3051(a)[4] and [Northampton] Rule 206.6."[5]  Trial Court Order, 10/14/20.

On October 25, 2019, Valle filed a second petition for relief from non pros under Rule 3051, as well as a brief in support of the petition.[6]  Valle's counsel, however, did not immediately present the second petition and rule to show cause in motions court in contravention of the notice requirements set forth in Northampton Local Rule N206.4(c)(ii).  On December 12, 2019, counsel presented the petition in motions court; a rule to show cause was issued the same day.  Counsel, however, failed to attach a copy of his second petition to the rule to show cause.  Defendant filed an answer to Valle's second

---

[4] Pursuant to Rule 3051:

> (a)  Relief from a judgment of non pros shall be sought by petition.  All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.
>
> (b)  Except as provided in subdivision (c), if the relief sought includes the opening of the judgment, the petition shall allege facts showing that:
>
> > (1)  the petition is timely filed,
> >
> > (2)  there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of non pros, and
> >
> > (3)  there is a meritorious cause of action.

Pa.R.C.P. 3051.

[5] *See* Northampton Rule of Civil Procedure N206.6 (Procedure for Issuance of Rule to Show Cause).

petition. The court held a hearing on Valle's second petition. On January 24, 2020, the court denied the petition concluding that Valle failed to attach her second petition to the rule to show cause and "didn't ask properly for the relief [sought]." N.T. Petition for Relief Hearing, 1/8/20, at 32.

Valle filed a timely notice of appeal on February 3, 2020, from the court's order denying her second petition for relief from the judgment of non pros.[7] She also filed a timely court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Valle presents the following issues for our consideration:

> (1) The trial court abused its discretion and/or otherwise committed an error of law by entering a [j]udgment of [n]on [p]ros pursuant to Pa[]R.C.P. 218 for a mere failure to attend the [c]all of the [l]ist on September 18, 2019.
>
> (2) The trial court abused its discretion and/or otherwise committed an error of law by entering a [j]udgment of [n]on

---

[7] The trial court "respectfully suggest[s] that Valle's appeal should be quashed [because] neither a judgment has been entered on the docket nor have the parties praeciped for a judgment to be entered." Trial Court Opinion, 2/21/20, at 5. However, our Court has stated that "[a]ny appeal related to a judgment of non pros lies not from the judgment itself, but from the denial of a petition to open or strike." **Madrid v. Alpine Mountain Corp.**, 24 A.3d 380, 382 (Pa. Super. 2011). Here, the appeal was taken from the trial court's order denying Valle's petition for relief from non pros, which was entered on the docket. Moreover, on March 4, 2020, Valle's attorney filed a praecipe to have the court enter judgment in favor of Defendants from the September 19, 2019 judgment of non pros. Thus, we decline to quash the instant appeal. **Id. See** Pa.R.A.P. 301 ("[N]o order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court."), **but see** Pa.R.A.P. 902 ("Failure of an appellant to take any other step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate[.]").

[p]ros in derogation of Pa.R.C.P. 218(a) when the Plaintiff in fact did not fail to appear for trial.

(3)     The trial court abused its discretion and/or otherwise committee an error of law by entering a [j]udgment of [n]on [p]ros as there is a reasonable explanation and legitimate excuse for the conduct that gave rise to the entry of judgment of non pros.

(4)     The trial court abused its discretion and/or otherwise committed an error of law by entering [j]udgment of [n]on [p]ros as there is a meritorious case of action.

(5)     The trial court abused its discretion and/or otherwise committed an error of law by entering a [j]udgment of [n]on [p]ros as P[a.]R[.]C[.]P[.] 126 states that the rules shall be liberally construed to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable when in fact the substantial rights of the Defendant were never prejudiced.

(6)     The trial court abused its discretion and/or otherwise committed an error of law by entering a [j]udgment of [n]on [p]ros because the sanction against [Valle] (the entry of [n]on [p]ros) was out of proportion to the offense ([Valle's] counsel's inadvertent failure to attend the "Call of the List.").

(7)     The trial court abused its discretion and/or otherwise committed an error of law by denying [Valle's] [p]etition for [r]elief from [n]on [p]ros for a mere failure to attend the [c]all of the [l]ist on September 18, 2019.

(8)     The trial court abused its discretion and/or otherwise committed an error of law by denying [Valle's] [p]etition for [r]elief from [n]on [p]ros in derogation of Pa.R.C.P 218(a) when [Valle] in fact did not fail to appear for trial.

(9)     The trial court abused its discretion and/or otherwise committed an error of law by denying [Valle's] [p]etition for [r]elief from [n]on [p]ros when the [p]etition for [r]elief from [n]on [p]ros was filed timely.

(10)    The trial court abused its discretion and/or otherwise committed an error of law by denying [Valle's] [p]etition for [r]elief from [n]on [p]ros as there is a reasonable

explanation and legitimate excuse for the conduct that gave rise to the entry of judgment of [n]on [p]ros.

(11)  The trial court abused its discretion and/or otherwise committed an error of law by denying [Valle's] [p]etition for [r]elief from [n]on [p]ros as there is a meritorious cause of action.

(12)  The trial court abused its discretion and/or otherwise committed an error of law by denying [Valle's] [p]etition for [r]elief from [n]on [p]ros when [Valle] satisfied all three elements for said relief as set forth in Pa.R.C.P. 3051.

(13)  The trial court abused its discretion and/or otherwise committed an error of law by denying [Valle's] [p]etition for [r]elief from [n]on [p]ros as Defendant[s] did not show they would be prejudiced by the [j]udgment of [n]on [p]ros being lifted.

(14)  The trial court abused its discretion and/or otherwise committed an error of law by denying [Valle's] [p]etition for [r]elief from [n]on [p]ros as P[a.]R[.]C[.]P[.] 126 states that the rules shall be liberally construed to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable when in fact the substantial rights of the Defendant[s] were never prejudiced.

(15)  The trial court abused its discretion and/or otherwise committed an error of law by denying [Valle's] [p]etition for relief from [n]on [p]ros because the sanction against [Valle] (the entry of [n]on [p]ros) was out of proportion to the offense ([Valle's] counsel's inadvertent failure to attend the "Call of the List.")

Appellant's Brief, at 13-16.

A petition to open a judgment of non pros is addressed to the court's equitable powers, and the exercise of those powers will not be disturbed absent an abuse of discretion. *Hutchinson v. Hutchinson*, 422 A.2d 501, 503-04 (Pa. 1980). Before a petition to open a judgment of non pros may be granted, the moving party must show that: "(1) the petition is timely filed[;]

- 6 -

(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay[;] and (3) there is a meritorious cause of action." ***Kruis v. McKenna***, 790 A.2d 322, 326 (Pa. Super. 2001) (citations omitted); Pa.R.C.P. 3051.

Instantly Valle and her attorney failed to appear for the call of the civil jury trial list on September 18, 2019. Valle contends that the court did not have the authority under Rule 218 to enter a judgment of non pros where the rule permits such a sanction only when a plaintiff fails to appear for **trial**, not for failure to appear for a call of the trial list.

Pennsylvania Rule of Civil Procedure 218 states:

(a) Where a case **is called for trial**, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion.

*        *        *

(c) A party who **fails to appear for trial** shall be deemed to be not ready without satisfactory excuse.

Pa.R.C.P. 218(a), (c) (emphases added).[8] Thus, if a plaintiff fails to appear for trial, under Rule 218(c) he or she is automatically deemed not to have a satisfactory excuse and, thus, under Rule 218(a), a court may *sua sponte* enter a non pros against the absent party or a nonsuit on the motion of the defendant. Our Court has also extended the sanctions in Rule 218 to "cover a plaintiff's absence from a pre-trial conference scheduled pursuant to Rule 212.3." ***Kruis***, ***supra*** at 325. ***See Anderson v. Pa. Fin. Responsibility***

---

[8] Rule 218(b) applies to defendants who are not ready for trial. Thus, it is inapplicable in the instant matter.

*Assigned Claims Plan*, 637 A.2d 659, 660 (Pa. Super. 1994) (affirming dismissal under Rule 218 when plaintiff's counsel failed to attend mandatory settlement conference).

In *Gendrachi v. Cassidy*, 688 A.2d 1215 (Pa. Super. 1997) (en banc), our full Court was asked to decide the issue presented in the instant matter— "whether a trial court has the authority to enter a judgment of non pros on the basis of a plaintiff's failure to appear at a status call of the list for the assignment of a trial date." *Id.* at 1216. In that case, the plaintiff filed a legal malpractice action against members of the defendant law firm who had previously represented her in a workers' compensation matter. When plaintiff's counsel failed to appear at the status call of the list for the assignment of a trial date, the court, *sua sponte*, entered a judgment of non pros under Rule 218. Plaintiff's counsel filed a petition to open the judgment of non pros, which the court denied. Plaintiff appealed.

After examining Rule 218, our Court concluded that, "on its face, Rule 218 applies only to a failure to appear when 'a case is called for trial.'" *Id.* at 1217. The Court acknowledged the fact that a judgment of non pros may be entered against a party when he or she does not appear for conciliatory or pre-trial conferences. *Id.* However, the Court disagreed with the trial court justifying its entry of non pros by equating the two types of proceedings — conciliatory/pre-trial conferences and status calls of the list. *Id.* Specifically, our full Court concluded that

the status call of the list does not involve any of the matters listed in Rule 212.[9]  When read in its entirety, it is clear that our [S]upreme [C]ourt intended [R]ule [212[10]] to allow the court and counsel to sharpen or define the issues prior to trial, and to resolve unnecessary conflicts concerning evidence to be presented at trial. In contrast, the status call of the list concerns nothing more than scheduling matters.

*Id.* at 1217 ("Rule 218's sanction simply does not apply to this procedure.").

*See Shanahan v. Groen*, 689 A.2d 310 (Pa. Super. 1997) (en banc) (our Court reversed and remanded case, relying on *Gendrachi*, where trial court lacked authority to enter judgment of non pros when plaintiff's counsel failed

_____

[9] Rule 212.3 lists the following matters considered at pre-trial conferences:

(1)  The simplification of the issues;

(2)  The entry of a scheduling order;

(3)  The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

(4)  The limitation of the number of expert witnesses;

(5)  Settlement and/or mediation of the case;

(6)  Such other matters as may aid in the disposition of the action.

Pa.R.C.P. 212.3(a).

[10] Pennsylvania Rule of Civil Procedure 212 was renumbered as Pa.R.C.P. 212.3 on August 11, 1997, effective December 1, 1997.  *Gendrachi* was decided on January 27, 1997, prior to the effective date of the amendment. However, the explanatory comment to former Rule 212 states that "[p]resent Rule 212 governing the pre-trial conference remains unchanged in substance[,] but is renumbered as Rule 212.3"  Rule 212.3, Explanatory Comment—1997.

to appear at status call of list); *Law Enforcement Health Benefits v. City of Philadelphia*, 689 A.2d 309 (Pa. Super. 1997) (en banc) (same).

Instantly, local Northampton Rule of Civil Procedure N212A(c) states:

(c) A preliminary call of each jury and non jury trial list will be held at 9:00 a.m. on the Wednesday[11] **prior to the trial week**.  At that time the Court will consider all applications for continuances and no continuance will thereafter be granted except for cause arising between the time of the preliminary call and the beginning of the assigned trial week.

Northampton Rule N212A(c) (emphasis added).  Northampton Rule N212A(c) clearly states that the call of the trial lists occurs **prior to** the week of trial and involves the consideration of applications for continuances; it designates no sanction for failure to attend the call of the list.[12]  Pennsylvania Rule of Civil Procedure 218(c), on the other hand, applies to parties who fail to appear **for trial**; the rule mentions nothing about failure to attend a preliminary call of the trial list.  *See* Pa.R.C.P. 218(c) ("A party who fails to appear **for trial** shall be deemed to be not ready without satisfactory excuse.") (emphasis added).

Here, where neither the local county rule nor the statewide rule of civil procedure gives a trial court authority to enter a judgment of non pros for failure to attend a call of the civil jury trial list, we conclude that the trial court

---

[11] September 18th, the day of the call of the civil list in the instant case, fell on a Wednesday in 2018.

[12] We also note that while trial courts in the various counties are permitted to promulgate local rules to implement the statewide rules, the "[l]ocal rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly."  Pa.R.J.A. 103(d)(2).

improperly entered a judgment of non pros against Valle. **See Roseman v. Hosp. of Univ. of Pa.**, 547 A.2d (Pa. Super. 1988) (trial court lacks inherent authority to enter judgment of non pros; court must derive its power from some other source, such as rule of civil procedure).[13]

Order reversed.[14] Case remanded. Jurisdiction relinquished.[15]


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: <u>10/7/2020</u>

---

[13] As our full Court acknowledged in **Gendrachi**, it is of the utmost importance that trial judges be able to manage their dockets. 688 A.2d at 1218 ("trial courts[ have a] need to maintain an efficient scheduling system and [we are mindful] of the disruptions to that system that counsel's absence from the call of the list might cause."). However, "[t]his [C]ourt has [also] repeatedly held that a trial court's legitimate interest in controlling its docket should not unnecessarily infringe upon a litigant's right to a trial." **Faison v. Turner**, 858 A.2d 1244, 1247 (Pa. Super. 2004).

[14] We, herein, deny Appellees' motion to quash the instant appeal, to the extent it is raised and argued in their appellate brief.

[15] Because of our resolution of Valle's first issue on appeal, we need not address her remaining assertions of error.