J-A21018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STEVE A. FREMPONG AND AGNES FREMPONG | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 142 EDA 2021 |
| JENNIFER PHILLIPS, CHARDAE DENMARK, ELLEN PALMER, PORTIA DARDEN, ALLAN RICHARDSON, LASHANA WHITAKER, ALBERT JOHNSON, AND CATALINA STARLING | : | |

Appeal from the Order Entered January 6, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 190804441

BEFORE:   KUNSELMAN, J., NICHOLS, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JANUARY 19, 2022**

Appellant Steve A. Frempong appeals *pro se* from the order denying his petition to strike, vacate, or open the judgment of *non pros*.[1]  Appellant argues that the trial court did not have the authority to enter *non pros* after Appellant failed to appear for a rule hearing.  Appellant also challenges the trial court's

---

[1] We note that a trial court's interlocutory order denying a petition to open a judgment of *non pros* is immediately appealable.  **See** Pa.R.A.P. 311(a)(1) (stating orders refusing to open, vacate or strike off judgment are appealable as of right); **see also Smith v. Friends Hosp.**, 928 A.2d 1072, 1074 (Pa. Super. 2007) (stating than an order denying a petition to open a judgment of *non pros*, while not disposing of all parties and all claims, is an interlocutory order immediately appealable as of right).

orders denying his motion for summary judgment and striking a default judgment against Appellee Jennifer Phillips. We affirm.

The trial court summarized the underlying facts and procedural history of this matter as follows:

> [Appellant] and Agnes Frempong [Appellant's wife] initiated this action on August 27, 2019 by filing a complaint against numerous [Appellees] seeking, *inter alia*, ejectment of those [Appellees]. [Appellant and his wife] own numerous properties in Philadelphia. In their complaint, they essentially consolidated ejectment actions for many of those properties against numerous unrelated tenant [Appellees].[2]
>
> Per the court's standard procedures, the case was listed for a mandatory case management conference for December 10, 2019. [Appellant] failed to appear at the case management conference.
>
> On December 17, 2019, the court scheduled a rule hearing for March 17, 2020. The purpose of the rule hearing was for [Appellant] to explain his failure to appear at the mandatory case management conference.
>
> Due to COVID-19, the rule hearing was subsequently rescheduled to November 10, 2020 via an order entered on October 27, 2020. [Appellant] failed to appear at the rule hearing held on November 10, 2020. Counsel for various [Appellees] appeared at the rule hearing. Upon oral motion made by counsel for those [Appellees] at the rule hearing, this court entered a judgment of *non pros* as to [Appellant] for his failure to appear at both the rule hearing and the mandatory conference. The court's order was docketed on November 16, 2020.
>
> On December 14, 2020, [Appellant] filed a motion to strike and/or open judgment of *non pros*. Certain [Appellees] filed a response in opposition. On January 6, 2021, this court denied [Appellant's] motion[.]

_____

[2] The record reflects that Appellant and his wife, Agnes Frempong, sought to eject residents in five separate rental properties, each of which were owned by either Appellant or his wife.

Trial Ct. Op., 3/12/21, at 2-3.

On January 7, 2021, Appellant filed a timely notice of appeal. The trial court issued a Rule 1925(a) opinion explaining the reasons for denying Appellant's petition to strike the judgment of *non pros*.[3]

On appeal, Appellant raises the following issues:

1. The trial court's rationale for entry of judgment of *non pros* and subsequent denial of [Appellants'] petition to strike, vacate or open judgment of *non pros* is factually incorrect and legally erroneous but completely misplaced and that the entry of judgment of *non pros* is grossly erroneous and manifestly abused its discretion.

2. [The] trial court's dismissal of [Appellant's] motion for summary judgment on the pleadings against Chardae Denmark constitutes gross error of law and manifest abuse of discretion and [] this Court should vacate and reverse said order for dismissal and grant [Appellants'] motion for summary judgment on the pleadings against Chardae Denmark.

_____

[3] Therein, the trial court clarified:

[O]nly the *non pros* issued as to [Appellant] is at issue on appeal. [Appellant's] wife is a named plaintiff in the complaint, but [Appellant's wife] was only administratively added as a plaintiff on the docket after this court had entered the judgment of *non pros* and denied the subsequent petition. While it appears [Appellant's wife] resides with her husband and should have been aware of court events based on the notices sent to [Appellant], the court is mindful that [Appellant's wife] was entitled to her own due process. There is no way [Appellant's wife] could have received notice of any court event if she was not entered on the docket. Thus, on February 4, 2021, this court struck the *non pros* as to [Appellant's wife], to the extent one existed.

Trial Ct. Op. at 1.

3. The trial court did not have subject matter jurisdiction to consider [Appellee] Jennifer Phillips' petition to open default judgment as said petition did not meet the basic threshold defined by Pa.R.Civ.P. 237.3, a condition precedent for the trial court's intervention in default judgment proceedings, hence [the] trial court's order of November 18, 2019 should be vacated and reversed as it [constitutes a violation of Appellant's wife's] substantive due process and property rights protections under the Pennsylvania and United States Constitutions.

Appellant's Brief at 2-3.

## Judgment of *Non Pros*

In his first issue, Appellant challenges both the judgment of *non pros* and the trial court's order denying his petition to strike. First, Appellant argues that the trial court lacked the authority to enter *non pros* as a sanction for his failure to appear at the rule hearing. ***Id.*** at 32. In support, Appellant asserts that courts may only sanction parties for failing to appear for trial or at a mandatory pre-trial hearing. ***Id.*** (citing Pa.R.Civ.P. 212.3; Pa.R.Civ.P. 218; ***Grendachi v. Cassidy***, 688 A.2d 1215 (Pa. Super. 1997) (*en banc*)). Appellant contends that rule hearings are "distinguishable from conciliatory/pre-trial conferences under Rule 212.3[,] which [are] subject to Rule 218's sanction[,]" and therefore, the trial court erred in entering *non pros*. ***Id.***

Appellant also argues that the trial court abused its discretion by denying his timely petition to strike the judgment of *non pros.* ***Id.*** Specifically, he claims that "lack of notice by email at the height of the COVID-19 era while opposing parties were provided with email notices due to

- 4 -

negligence of trial court, provide compelling reason for delay and failure to attend rule hearing." *Id.* Further, he argues that he has a meritorious cause of action for ejectment against Appellees. *Id.* Therefore, Appellant concludes that the trial court erred in denying relief.[4] *Id.*

"A request to open a judgment of *non pros*, like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court[.]" ***Bartolomeo v. Marshall***, 69 A.3d 610, 613 (Pa. Super. 2013) (citations omitted). Therefore, we review a trial court's decision to deny a petition to open or strike a judgment of *non pros* for an abuse of discretion. *Id.* at 614.

Rule 218 of the Pennsylvania Rules of Civil Procedure states that a trial court may enter a judgment of *non pros* against a plaintiff who fails to appear for trial. Pa.R.Civ.P. 218(a), (c). Additionally, this Court has held that "[c]ounsel is under the same duty to appear at conciliatory or pre-trial conferences as he or she is to appear for trial." Therefore, "[t]he sanctions in Rule 218 have consistently been extended to cover a plaintiff's absence from a pre-trial conference scheduled pursuant to Rule 212.3." ***Kruis v. McKenna***, 790 A.2d 322, 325 (Pa. Super. 2001) (citation omitted); *see also* Pa.R.Civ.P. 212.3 (stating that trial courts may order "the parties or any unrepresented

---

[4] Appellant also raises additional arguments concerning due diligence and the lack of prejudice to Appellees, both of which are factors that only apply when the court enters a judgment of *non pros* based on inactivity. *See* Pa.R.Civ.P. 3051(c). Because the trial court entered *non pros* as a sanction for Appellant's failure to appear at a mandatory hearing, these factors are inapplicable to the instant matter. *See Grendachi*, 688 A.2d at 1217. Therefore, we do not address them.

- 5 -

party" to appear for a pre-trial conferences to address, *inter alia*, trial issues, scheduling orders, settlements, or "other matters as may aid in the disposition of the action"); **see also** Phila.R.Civ.P. 212.3(A) (noting that an individual's failure to appear at a mandatory pre-trial hearing "may result in the imposition of sanctions").

To seek relief from a judgment of *non pros*, the party must file a petition with the trial court which demonstrates that "(1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of *non pros*, and (3) there is a meritorious cause of action." Pa.R.Civ.P. 3051(b).

Here, the trial court entered *non pros* against Appellant after he failed to appear for a mandatory case management conference and a subsequent rule hearing. Specifically, the trial court explained:

> This [c]ourt entered the judgment of *non pros* against [Appellant] after he failed to appear at two mandatory court events - the case management conference and the Rule hearing. [Appellant] should certainly have appreciated and understood his obligations to attend these mandatory events. While [Appellant] is self-represented, he is no stranger to the Philadelphia court system and the appellate courts. A review of public docket records confirms that [Appellant] has a two-plus decade history of litigating cases in the trial courts and appellate courts. Moreover, in this case, he actively participated in the case, filing pleadings and motions throughout 2019, until he failed to appear.
>
> In his motion, [Appellant] offered a menu of excuses for his two failures to appear. These excuses were unavailing, especially, in light of [Appellant's] familiarity with the court system and court process. [Appellant's] subsequent failure to appear before this Court and explain his absence from the case management conference simply reinforced [Appellant's] lack of diligence.

Trial Ct. Op. at 4.

The trial court further noted:

> The mandatory case management conference is a critical albeit preliminary checkpoint in the litigation process that requires parties to examine all aspects of their respective cases, including the considerations in Rule 212.3. This important purpose is particularly applicable here, where [Appellant's] complaint covers many properties and many unrelated tenants. At the very least, in addition to the other Rule 212.3 considerations, the conference could have clarified the claims for [Appellees].

*Id.*

With respect to Appellant's petition to strike the judgment of *non pros*,

the trial court stated:

> First, [Appellant] filed his petition to strike and/or open the judgment of *non pros* approximately 29 days after the clerk entered the *non pros* on the docket, which this court accepts as "promptly filed."
>
> Second, the list of excuses [Appellant] gave in his petition for his failures to attend both events, however, is not persuasive. The list, which ranges from [Appellant's] claim that he lost his computer and/or it was not functioning properly, to he was away and did not receive court notices in the mail, collectively reinforce his own negligence and want of diligence in prosecuting this matter. For a litigant who is so familiar with the court system, [Appellant] easily could have picked up the telephone and called any one of the numerous publicly available numbers to advise the court of his circumstances. Notably, the case management conference was scheduled and took place before the COVID-19 pandemic, so all court operations were fully functioning at that time. While the rule hearing was scheduled during the pandemic, the October 27, 2020 scheduling order provided an email address for the parties to use if they had any questions. [Appellant] took none of these steps. Thus, the court concludes that [Appellant] did not have a reasonable excuse for his delay.
>
> Third, even if this court had excused [Appellant's] delay, a cursory review of the complaint and answers confirms that [Appellant]

- 7 -

does not have a meritorious cause of action. Not only are there deficiencies in the pleadings, as [Appellant] has improperly combined unrelated claims and unrelated parties in a single complaint, [Appellant] does not have a valid rental license for at least one of the subject properties. This is an issue with which [Appellant] must be familiar, as he has previously litigated the identical issue on the identical property with the identical defendants. *See Frempong v. Richardson*, 209 A.3d 1001, 1010 (Pa. Super. 2019).

As the Superior Court previously held, under Philadelphia Code § 9-3901(4)(2), a landlord without a valid rental license is not entitled to unpaid rent as well as possession of the property. *Id.* The property at issue in *Frempong v. Richardson* is the same property still at issue here, and the parties are identical. Even setting aside the potential *res judicata* and collateral estoppel defenses to the cause of action, it appears clear from the pleadings that [Appellant] still does not hold a valid rental license. Thus, he would not be entitled to unpaid rent or possession of the property, which is the relief he seeks in the complaint. As a result, [Appellant] does not state a meritorious cause of action for *inter alia* ejectment.

Trial Ct. Op. at 5-7 (some formatting altered).

Based on our review of the record, we conclude that the trial court had the authority to enter *non pros* against Appellant after he failed to appear for the mandatory pre-trial case management conference in 2019. *See* Pa.R.Civ.P. 212.3(a); Pa.R.Civ.P. 218(c); *Grendachi*, 688 A.2d at 1217. Further, there is no basis to conclude that the trial court lost the authority to enter *non pros* when it entered an order scheduling a rule hearing for Appellant to explain his absence from the pre-trial case management conference. *See* Pa.R.Civ.P. 218(c); *see also Anderson v. Pa. Fin. Responsibility Assigned Claims Plans*, 637 A.2d 659, 661 (Pa. Super. 1994) (stating that, after a party fails to appear, the trial court may enter *non pros* "without a

separate determination that the failure to appear was without satisfactory excuse").

Additionally, we discern no abuse of discretion by the trial court in denying Appellant's petition to strike the judgment of *non pros.* **See Bartolomeo**, 69 A.3d at 613. As noted by the trial court, although Appellant filed a timely petition to strike, he failed to provide a reasonable explanation or excuse for his failure to appear for the mandatory case management conference. **See** Trial Ct. Op. at 6; **see also** Pa.R.Civ.P. 3051(b). Therefore, the trial court did not abuse its discretion by denying Appellant relief.

**Pre-Trial Orders**

In his remaining issues, Appellant challenges the trial court's prior orders denying his motion for summary judgment against Chardae Denmark and striking the default judgment against Appellee Jennifer Phillips. **See** Appellant's Brief at 12-27. Initially, we must consider whether we have jurisdiction over these claims.

It is well settled that this Court may reach the merits of an appeal taken from (1) a final order or an order certified as a final order; (2) an interlocutory order appealable as of right; (3) an interlocutory order appealable by permission; or (4) a collateral order. **Estate of Considine v. Wachovia Bank**, 966 A.2d 1148, 1151 (Pa. Super. 2009).

Further, the entry of a final order renders prior interlocutory orders appealable. **See McNeal v. Eaton Corp.**, 806 A.2d 899, 901 n.2 (Pa. Super. 2002) (stating that "a trial court order declaring a case settled as to all

remaining parties renders prior grants of summary judgment final for purposes of Pa.R.A.P. 341, even if the prior orders entered disposed of fewer than all claims against all parties" (citation omitted)); *see also **Betz v. Pneumo Abex, LLC***, 44 A.3d 27, 54 (Pa. 2012) (stating that "an appeal of a final order subsumes challenges to previous interlocutory decisions" (citation omitted)).

However, there is no support for the proposition that the entry of a non-final interlocutory order appealable as of right renders final and appealable any other interlocutory orders. ***See Digital Commc'ns Warehouse***, ***Inc. v. Allen Invs., LLC***, 223 A.3d 278, 284 (Pa. Super. 2019); ***see also Commonwealth v. Marconi***, 490 A.2d 871, 874-75 (Pa. Super. 1985) (explaining that other interlocutory matters may not be joined with an interlocutory double jeopardy appeal and must await final judgment for resolution).

Here, to the extent Appellant challenges the orders denying summary judgment and striking the default judgment, both orders are interlocutory and unappealable. ***See Stewart v. Precision Airmotive, LLC***, 7 A.3d 266, 270 (Pa. Super. 2010) (stating that "[a]n order denying summary judgment is interlocutory and, generally, not appealable"); ***see also Digital Commc'ns Warehouse***, 223 A.3d at 284 (explaining that, "[b]y its nature, an order striking a default judgment is not a final order that disposes of the matter. Instead, such an order 'annuls the original judgment and the parties are left as if no judgment had been entered'" (citation and footnote omitted)).

As noted previously, Appellant appealed as of right from the order denying his motion to strike the judgment of *non pros*. **See** Pa.R.A.P. 311(a)(1); **see also Smith**, 928 A.2d at 1074. However, because the trial court's order was appealable by rule, and not as a final order, the trial court's prior orders denying summary judgment and striking default judgment remain interlocutory. **Cf. Digital Commc'ns Warehouse**, 223 A.3d at 278. Therefore, to the extent Appellant challenges prior trial court orders that are not yet final, we do not have jurisdiction to review those claims. **See** Pa.R.A.P. 341.

For these reasons, we affirm the trial court's order denying Appellant's petition to strike, vacate, or open the judgment of *non pros*. Further, as discussed herein, we note that the trial court struck the *non pros* as to Appellant's wife, Agnes Frempong, to the extent one existed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2022